IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRENTFORD TAYLOR,

    Petitioner,

    v.

TIM BUCHANAN, WARDEN,

    Respondent.

Case No. 2:14-cv-1368
Judge Marbley
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* as amended, ECF 3, 7, Respondent's *Return of Writ*, ECF 12, Petitioner's *Reply*, ECF 13, and Petitioner's *Notice and Motion Reply to Quash Respondent's Motion for Additional Time Notice and Motion for Summary Judgment* ("*Reply Motion*"), ECF 11.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's *Reply Motion*, ECF 11, be **DENIED** and that this action be **DISMISSED.**

**Facts and Procedural History**

On December 21, 2009, pursuant to the terms of his negotiated plea, Petitioner pleaded guilty to one felony count of robbery and the trial court imposed a sentence of four years' community control. *Exhibit 3* to *Return of Writ*, PageID# 206-07. In December 2010, Petitioner stipulated that he had violated conditions of community control and was sentenced to two years in prison to be followed by a three year term of post-release control. *Exhibit 5* to *Return of Writ*, PageID# 210-11. On April 28, 2011, Petitioner filed a "*Notice and Motion for Additional Sentence Credit and Rehearing Plus Vacating the Judgment of Conviction a Void Sentence*

'*Abinitio* [sic]'". ECF 12-1, PageID# 212.  A complete copy of that motion has not been made a part of the record before this Court.  Apparently, however, the trial court has not issued a ruling on the motion.  *See Return of Writ*, ECF 12, PageID# 189.  In July 2014, after his release from prison and placement on post-release control, Petitioner was found guilty of violating terms of post-release control and was sentenced to 130 days' imprisonment.  *Exhibit 10* to *Return of Writ*, PageID# 250.  On August 12, 2014, Petitioner filed with the trial court a habeas corpus petition alleging that Petitioner was entitled to immediate release on the basis of ineffective assistance of counsel, and because the trial court illegally imposed the sentence in 2009 without having first considered a presentence investigation report.  ECF 12-1, PageID# 238.  It does not appear that the trial court has yet issued a ruling on that petition.

Petitioner executed the *pro se* federal habeas corpus petition on July 31, 2014.[1]  All of Petitioner's claims relate to the original 2009 sentence.  Specifically, Petitioner claims that the sentence was imposed in violation of state law because the trial court failed to first consider a presentence investigation report. Because that sentence was "void *ab initio*," Petitioner alleges, his subsequent sentences in connection with violations of the terms of release were likewise unlawful. *Reply*, ECF 13, PageID# 271.  Petitioner also asserts that he was denied the effective assistance of counsel because his attorney failed to challenge the imposition of the sentences.

Respondent contends that Petitioner's claims are unexhausted and otherwise fail to provide a basis for relief.

**Exhaustion**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts.  *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*,

---

[1] It appears that Petitioner remains on probation as a result of the sentences now under attack.  *See* ECF 12-1. PageID# 250.

2

993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has not presented a claim to the state courts and still has the right under state law to raise the claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990).

Based on the record before the Court, it does not appear that Petitioner presented any of his claims to the state courts on direct appeal from his 2009 conviction and sentence. Although the time for filing a direct appeal from Petitioner's 2009 conviction has now expired, Petitioner may still pursue a motion for delayed appeal in the state appellate court. Petitioner insists that he has exhausted his state court remedies because he raised his claims in his "*Notice and Motion for Additional Sentence Credit and Rehearing Plus Vacating the Judgment of Conviction a Void Sentence 'Abinitio'*" and in his state habeas corpus petition. *Reply*, ECF 11. Even assuming, *arguendo,* that Petitioner thereby exhausted his claims, the record does not establish that Petitioner is entitled to relief.

All of Petitioner's claims, with the exception of his claim of ineffective assistance of counsel, raise issues of state law that are not appropriate for federal habeas corpus review and relief. *See* 28 U.S.C. 2254(a). Petitioner's claims appear to be based on the requirement, under Ohio law, that a sentence of community control not be imposed in lieu of prison in a felony case "until a written presentence investigation report has been considered by the court." O.R.C. § 2951.03(A)(1). *See also* Ohio R. Crim. P. 32.2 ("In felony cases the court shall . . . order a presentence investigation and report before imposing community control sanctions or granting probation."). However, a federal court may not issue a writ of habeas corpus "on the basis of a

perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir.1985)).

Further, the record fails to establish the ineffective assistance of counsel. The United States Supreme Court has established a two-prong test for determining the ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance [ . . . ]." *Id.* "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome*.*" *Id*. at 694.

Even assuming that the trial court failed to review a presentence investigation report prior to imposing a sentence of community control in 2009, that failure only worked to the benefit of Petitioner, who presumably would otherwise have been sentenced to prison. Moreover, Petitioner has referred to no Ohio case holding that a sentence is void because of a trial court's

4

failure to review a presentence investigation report prior to imposing a term of community control. In any event, Petitioner proffers no evidence even suggesting that he could have obtained a lesser sentence, or that his sentences would have been vacated, either in 2009 or at his subsequent revocation proceedings, had counsel challenged the Petitioner's original sentence on this basis.  In short, Petitioner cannot establish that he was prejudiced by his counsel's failure to object to the sentence of community control without consideration of a presentence investigation report.

For all these reasons, the Magistrate Judge **RECOMMENDS** that Petitioner's *Reply Motion*, ECF 11, be **DENIED** and that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                   *s/ Norah McCann King*
                                                   Norah McCann King
                                                   United States Magistrate Judge

June 9, 2015